07 Civ. 6270 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMANDA PIERRE, by her parent Louise Pierre,

                                        Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION and CITY OF NEW YORK,

                                        Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

# MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, NY  10007

Of Counsel:  Toni Gantz
Tel:  (212) 788-0908

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..........................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY......................................................1

STANDARD OF REVIEW ...............................................................................................3

ARGUMENT

       POINT ONE

              PLAINTIFF HAS FAILED TO PROPERLY
              SERVE PROCESS UPON DEFENDANTS ...................................4

       POINT TWO

              PLAINTIFF HAS FAILED TO STATE A CLAIM
              AGAINST THE CITY OF NEW YORK .......................................9

CONCLUSION...........................................................................................................10

**PRELIMINARY STATEMENT**

Plaintiff Amanda Pierre, by her parent Louise Pierre, seeks to appeal the administrative decision by the New York State Department of Education Office of State Review annulling an Impartial Hearing Officer's decision granting relief to plaintiff.  On July 9, 2007, plaintiff filed a "Petition to Review Order of State Review Officer" in this Court. As of today's date, plaintiff has not served upon defendants a summons.  In addition, plaintiff has not filed any proof of service of process.  Defendants New York City Department of Education ("DOE") and the City of New York[1] now respectfully move this Court to dismiss the claims asserted against them pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) on the grounds that (1) this Court lacks personal jurisdiction over defendants because plaintiff has failed to effect proper service, and (2) plaintiff has failed to state a claim against the City of New York.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

This case stems from state administrative proceedings initiated under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.  Under the IDEA and New York state law, if parents are dissatisfied with the special education services and program a school district recommends for their child, they may request an impartial due process hearing before an Impartial Hearing Officer ("IHO").  20 U.S.C. § 1415(f)(1)(A); N.Y. Educ. Law § 4404(1)(a). The IHO's decision may be appealed to the State Review Officer ("SRO"), who independently reviews the findings and decision rendered by the IHO.  20 U.S.C. § 1415(g)(1); N.Y. Educ. Law § 4404(2).  Although the SRO's decision is considered final, a party aggrieved by that decision may bring an action for relief in state or federal district court.  20 U.S.C. § 1415(i)(1)(B), (2)(A).

---

[1] It is slightly unclear from plaintiff's petition whether plaintiff seeks to sue only DOE, or both the City and DOE. For the purpose of the present motion, defendants assume *arguendo* that plaintiff names both the City and DOE as defendants.

Under New York law, such action must be brought within four months of the date of the SRO's decision.  See 20 U.S.C. § 1415(i)(2)(B); N.Y. Educ. Law § 4404(3)(a).

Plaintiff, through counsel, requested an impartial hearing by due process complaint notice dated October 7, 2006.  (See Gantz Decl. Ex. A, Feb. 7, 2008.)  An impartial hearing was held before IHO Esther Mora, who issued her findings of fact and decision in March 2007. (See Pet. Ex. A.)  DOE appealed the decision to the SRO, who sustained the appeal by decision dated June 13, 2007. (See Pet. Ex. B.)  Specifically, the SRO found that plaintiff's due process complaint notice was insufficient under federal and state requirements,[2] and that the IHO erred in allowing issues that were not raised in the notice to be raised at the impartial hearing.[3]  (See id. at 7-8.) Accordingly, the SRO annulled the decision of the IHO.  (See id. at 8.)

Plaintiff appealed the SRO's decision to this Court by petition dated July 9, 2007.  On that date, a copy of the petition was received by the New York City Law Department, which is authorized to accept service on behalf of DOE and the City of New York.  (See Gantz Decl. ¶¶ 3-4.)  The petition received did not appear to have been filed, since it did not bear any docket number, judge's initials, or court stamp. (See Gantz Decl. Ex. B.) The petition was not accompanied by a summons.  (See Gantz Decl. ¶ 4.)

On November 30, 2007, defendants' counsel informed plaintiff's counsel that a summons had not been served upon defendants.  (See Gantz Decl. ¶ 7.)  On or around December 3, 2007, plaintiff's counsel confirmed that no summonses had been served, and defendants' counsel

---

[2] Under the IDEA and New York regulations, a due process complaint notice must include specific information, including the student's name and address, "a description of the nature of the problem of the child relating to such proposed initiation or change, including facts relating to such problem," and a proposed resolution of the problem. 20 U.S.C. § 1415 (b)(7)(A)(ii); 8 N.Y.C.R.R. § 200.5(i)(1). Moreover, "a party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the[se] requirements." 20 U.S.C. § 1415 (b)(7)(B); see also 8 N.Y.C.R.R. § 200.5(i)(2).

[3] See generally 20 U.S.C. § 1415(f)(3)(B) (providing that "[t]he party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that were not raised in the notice"); see also 8 N.Y.C.R.R. § 200.5 (j)(1)(ii) (same).

advised plaintiff's counsel that defendants would be contesting service.  (See id. at ¶ 8.)  On

December 7, 2007, counsel for the parties appeared for an initial conference with the Court, and

defendants' counsel raised the issue of plaintiff's failure to properly serve process upon

defendants.  (Id. at ¶ 9.)  Plaintiff did not contend that a summons had been served, did not

request an extension to effect proper service, and did not set forth any reason for the failure to

serve other than that plaintiff's counsel had essentially not been aware that a summons was

required.  (Id.)  As of this date, defendants still have not been served with a summons (see id. at

¶¶ 4, 5, 10), and plaintiff has also not filed any proof of service of process (see Gantz Decl. Ex.

C).  According to the court's docket, no summons has ever been issued in this case.  (See Gantz

Decl. Ex. C.)

## STANDARD OF REVIEW

It is well-established that a court generally may not rule on the merits of a case without

first determining that it has jurisdiction over the parties.  See, e.g., Sinochem Int'l Co. v. Malay.

Int'l Shipping Corp., 127 S. Ct. 1184, 1191 (2007).  Thus, where a defendant moves for

dismissal under Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, "the Court

must first address the preliminary questions of service and personal jurisdiction."  Mende v.

Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003); see generally Arrowsmith v.

United Press Int'l, 320 F.2d 219 (2d Cir. 1963) (en banc).

On a challenge to the sufficiency of service of process pursuant to Rule 12(b)(5), a court

"must look to matters outside the complaint to determine whether it has jurisdiction."  Mende,

269 F. Supp. 2d at 251 (quoting Darden v. Daimlerchrysler N. Am. Holding Corp., 191 F. Supp.

2d 382, 387 (S.D.N.Y. 2002)).  The party asserting federal jurisdiction bears the burden of

proving facts to establish that jurisdiction. E.g., Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d

Cir. 2006); Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).  Thus, "when a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service."  Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005) (citing Mende, 269 F. Supp. 2d at 251).   In addition, "[c]onclusory statements that a defendant was served are insufficient to overcome a defendant's sworn affidavit that he was never served with process." Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), aff'd, 173 F.3d 844 (2d Cir. 1999).

In considering a 12(b)(6) motion, a court accepts all factual allegations in the complaint as true, and draws all reasonable inferences in the plaintiff's favor. E.g., Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).  A court's review is limited to the factual allegations contained in the pleadings, documents attached to the pleadings or incorporated by reference, documents plaintiffs either possessed or knew of and relied on in drafting the complaint, and matters of public record of which judicial notice can be taken.  Id. at 152-53; Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); see generally Fed. R. Civ. P. 10(c); Fed. R. Evid. 201 (defining the kinds of facts subject to judicial notice).

## ARGUMENT

### POINT ONE

#### PLAINTIFF HAS FAILED TO PROPERLY SERVE PROCESS UPON DEFENDANTS

It is axiomatic that before a federal court can exercise personal jurisdiction over a defendant, the defendant must have been served with a summons. See, e.g., Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 350-51 (1999) (noting that a court may not exercise power over a defendant in the absence of service of process); Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("[S]ervice of summons is the procedure by which a court

having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (quoting Miss. Publ'g Corp. v. Murphree, 326 U.S. 438, 444-45 (1946))). "Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." Murphy Bros., 526 U.S. at 350; see generally Fed. R. Civ. P. 4(a)-(c).

A correlate to this long-standing rule is the rule that service of a pleading without a summons does not constitute sufficient service of process. See Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."); McIntosh v. Covenant House, 05 Civ. 9973, 2008 U.S. Dist. LEXIS 4910, at *4 (S.D.N.Y. Jan. 22, 2008) ("Jurisdiction attaches upon the service of a summons as well as a pleading."); Barron v. Miami Executive Towers Assocs. Ltd. P'ship, 142 F.R.D. 394, 397 (S.D.N.Y. 1992) ("[A]ctual receipt of both the summons and the complaint is a base requirement."). Moreover, a defendant's notice of an action does not cure otherwise defective service. See Omni Capital, 484 U.S. at 104 (noting that "before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant"); Nat'l Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 256 (2d Cir. 1991) ("We reject the notion that 'actual notice' suffices to cure a void service . . . ."); Martin v. N.Y. State Dep't of Mental Hygiene, 588 F.2d 371, 372-73 (2d Cir. 1978); OSRecovery, Inc. v. One Group Int'l, 234 F.R.D. 59, 61 (S.D.N.Y. 2005) (stating that "actual notice alone will not sustain personal jurisdiction over a defendant"); Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc., 8 F. Supp. 2d 372, 377 (S.D.N.Y. 1998) ("[A]ctual notice of the action will not, in itself, cure an otherwise defective service.").

Service of the summons and complaint generally must be made within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m); see, e.g., Barron, 142 F.R.D. at 397 ("As Plaintiffs failed to serve Steinberg with a summons and a complaint together within [the] 120-day period, Steinberg should be dismissed from this action."). A court will extend this time period upon a plaintiff's showing of good cause for her failure to serve. See Fed. R. Civ. P. 4(m); see also, e.g., Bogle-Assegai v. Connecticut, 470 F.3d 498, 508 (2d Cir. 2006). While courts also have the discretion to grant extensions in the absence of good cause, "the plaintiff must ordinarily advance some colorable excuse for neglect," and plaintiff's failure to do so can result in dismissal. Zapata v. City of New York, 502 F.3d 192, 198 (2d Cir. 2007); see id. at 197-98. This is true even if dismissal would result in the case being time-barred due to the running of the statute of limitations since the filing of the complaint. See id. at 197-98; see also, e.g., Deptuch v. Abraham Joshua Heschel Sch., 06 Civ. 6000, 2007 U.S. Dist. LEXIS 92916, at *2-4 (S.D.N.Y. Dec. 17, 2007). Finally, it is well-settled that attorney inadvertence, neglect, or error does not constitute good cause. See McGregor v. United States, 933 F.2d 156, 161 (2d Cir. 1991); OSRecovery, 234 F.R.D. at 61; ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 222 F.R.D. 79, 80 (S.D.N.Y. 2004); AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000); Howard, 977 F. Supp. at 658.

Applying these familiar rules, it is clear that plaintiff failed to properly serve process upon defendants. Plaintiff filed her petition on July 9, 2007. Accordingly, she had until November 9, 2007 to serve defendants with both a summons and a copy of a pleading. Fed. R. Civ. P. 4(m). There is no dispute that plaintiff failed to serve a summons upon either defendant; indeed, a summons was never issued in this case. (See Gantz Decl. ¶¶ 7-11 & Ex. C.) Because plaintiff failed to serve any summons, there was no effective service of process upon defendants.

Fed. R. Civ. P. 4(b), (c)(1); see, e.g., OSRecovery, 234 F.R.D. at 61 ("As plaintiffs' failure to

serve a summons constituted a flagrant disregard of Rule 4, service of process was ineffective.").

Accordingly, the Court lacks jurisdiction over defendants. E.g., Murphy Bros., 526 U.S. at 350-

51; Omni Capital, 484 U.S. at 104.

Moreover, an extension of time to serve is not warranted because plaintiff has neither

requested one nor made any attempt to show good cause for her failure to serve the summons,

and because plaintiff cannot show good cause. Plaintiff's counsel was on notice of the failure

since at least November 30, 2007, discussed the issue with defendants' counsel and/or the Court

on three occasions, and was aware that defendants would move to dismiss on the basis of the

insufficient service. (See Gantz Decl. ¶¶ 7-11.)  At no time did plaintiff proffer a reason for the

failure to serve the summons—other than that plaintiff's counsel was not aware that a summons

was required—nor did plaintiff attempt to cure the defect or request an extension of time to

serve. (See id. & Ex. C.)  These circumstances plainly do not constitute good cause. See, e.g.,

OSRecovery, 234 F.R.D. at 62; Howard, 977 F. Supp. at 658 ("An attorney's inadvertence,

neglect, mistake or misplaced reliance does not constitute good cause for the purposes of Rule

4(m)."); see also McIntosh, 2008 U.S. Dist. LEXIS 4910, at *5 ("[W]e are not dealing here with

a pro se litigant. Plaintiff has retained an attorney. The attorney is expected to know these basic

rules of procedure and to follow them.").  As it is well past the 120-day time period within which

plaintiff was to serve process upon defendants and plaintiff has not attempted to and cannot

advance any "colorable excuse" for the failure to properly serve, the case should be dismissed.

Fed. R. Civ. P. 4(m); see, e.g., Zapata, 502 F.3d at 198-99; Barron, 142 F.R.D. at 397.[4]

---

[4] Dismissal will result in the case being time-barred, as the four-month limitations period has run.  See 20 U.S.C. §
1415(i)(2)(B); N.Y. Educ. Law § 4404(3)(a).  Nonetheless, where such a situation "is the result of plaintiff's
neglect," dismissal is appropriate.  Zapata, 502 F.3d at 198; see id. at 198-99; ATSI Commc'ns, 222 F.R.D. at 81.

It should also be noted that, while it appears that plaintiff named two defendants, only one petition has been received (see Gantz Decl. ¶¶ 4-5), in contravention of the requirement that each defendant be served with a summons and a pleading.  See, e.g., Trotman v. Grand Cent. P'ship, 06 Civ. 15450, 2007 U.S. Dist. LEXIS 74753, at *2 (S.D.N.Y. Oct. 1, 2007) (noting that plaintiff was required to serve a summons and a complaint upon each defendant); see generally Fed. R. Civ. P. 4.  In addition, the petition that was received did not bear a docket number or judge's initials. (See Gantz Decl. Ex. B.)  The absence of this information not only violated this Court's Local Rules, see S.D.N.Y. Local Civ. R. 11.1(a)(2) (providing that every pleading must "bear the docket number and the initials of the judge and any magistrate judge before whom the action or proceeding is pending"), but also suggested that the case had not actually been filed. Moreover, plaintiff has also failed to comply with the proof of service requirement under the federal rules. (See Gantz Decl. Ex. C.)  See generally Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.").  Such defects further indicate plaintiff's disregard for basic rules of litigation and procedure, and further weigh in favor of dismissal. See, e.g., ATSI Commc'ns, 222 F.R.D. at 81 ("If the Rules are to mean anything, parties must diligently try to follow them and courts must enforce them, even if that means that cases must sometimes be finally determined on procedural grounds rather than on their substantive merits.") (citation omitted).[5]

In sum, because plaintiff has failed to properly effect service of process upon defendants, all claims against defendants must be dismissed.

---

[5] It bears mention that this case stems from plaintiff's prior procedural violations, namely, plaintiff's failure to file a proper due process complaint in seeking state administrative review. (See Pet. Ex. B.)

## POINT TWO

## PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THE CITY OF NEW YORK

Insofar as plaintiff names the City of New York as a defendant, the City is not a proper

defendant in this case as plaintiff has failed to allege any specific wrongs attributable to the City.

In New York, the responsibility for developing special education program

recommendations for students with disabilities lies with the New York City Department of

Education[6] ("DOE").  See, e.g., X v. N.Y. State Educ. Dep't, 975 F. Supp. 546, 552 (S.D.N.Y.

1997) (describing the state statutory scheme); see generally N.Y. Educ. Law §§ 4401 to 4410-b.

As has been repeatedly emphasized by the courts, DOE "is a corporation separate and distinct

from the [C]ity of New York" and "[n]o relation of principal and agent exists between the two."

Titusville Iron Co. v. New York, 207 N.Y. 203, 208, 100 N.E. 806, 807 (1912); see also, e.g.,

Spencer v. City of New York, 06 Civ. 2852, 2007 U.S. Dist. LEXIS 39101, at *4 (S.D.N.Y. May

30, 2007); Falchenberg v. N.Y. City Dep't of Educ., 375 F. Supp. 2d 344, 347 (S.D.N.Y. 2005);

Ragsdale v. Bd. of Educ., 282 N.Y. 323, 325, 26 N.E.2d 277 (1940) (per curiam). As the New

York Court of Appeals has explained:

> If there be one public policy well-established in this State it is that public
> education shall be beyond control by municipalities and politics. [DOE] is not a
> department of the city government, it is an independent corporate body and may
> sue and be sued in its corporate name.

Divisich v. Marshall, 281 N.Y. 170, 173, 22 N.E.2d 327, 328 (1939).

Plaintiff has failed to make any specific allegations against the City of New York and

thus appears to be suing the City based on the incorrect presumption that the City is responsible

---

[6] The New York City Department of Education has effectively replaced the New York City Board of Education.
See, e.g., D.D. v. N.Y. City Bd. of Educ., 465 F.3d 503, 506 (2d Cir. 2006) ("The New York City Board of
Education has been renamed the 'New York City Department of Education.'").

for the alleged actions of DOE.  Because DOE and the City are separate corporate and legal entities, however, the City cannot be held liable on a principal-agent basis for wrongs purported to have been committed by the DOE.  As the City cannot be held liable for DOE's actions, and plaintiff has made no allegations directed to the City, plaintiff has failed to state a claim against the City of New York. See Spencer, 2007 U.S. Dist. LEXIS 39101, at *4; Falchenberg, 375 F. Supp. 2d at 347.  Accordingly, dismissal is warranted as to all claims asserted against the City.

## CONCLUSION

For the reasons set forth above, defendants respectfully request that their motion to dismiss be granted and that all claims asserted against them be dismissed in their entirety, and that defendants be awarded such other and further relief as this Court deems just and proper.

Dated:          New York, New York
                February 7, 2008

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the City of New York
                          Attorney for Defendants
                          100 Church Street, Room 2-301
                          New York, N.Y. 10007
                          (212) 788-0908
                          Fax: (212) 788-0940
                          tgantz@law.nyc.gov

                          By:_____
                             Toni Gantz (TG1198)
                             Assistant Corporation Counsel

- 10 -