07 Civ. 6270 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMANDA PIERRE, by her parent Louise Pierre,

                                  Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION and CITY OF NEW YORK,

                                  Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF
LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

# MICHAEL A. CARDOZO

*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, NY  10007

Of Counsel:  Toni Gantz
Tel:  (212) 788-0908

**PRELIMINARY STATEMENT**

Defendants New York City Department of Education ("DOE") and the City of New York submit this memorandum of law in further support of their motion to dismiss. Plaintiff Amanda Pierre, by her parent Louise Pierre, seeks to appeal an administrative decision by the New York State Department of Education Office of State Review pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*.

Plaintiff, throughout the course of this action, has consistently disregarded basic rules of litigation and procedure. Most significantly, plaintiff has failed to serve a summons on either defendant. In opposing this motion, plaintiff has set forth no legal justification for her failure to properly serve process, and has also failed to submit a memorandum of law or cite any legal authority in support of her opposition. Moreover, plaintiff now improperly asks this Court to adjudicate new claims that were not raised in her petition and that plaintiff had been simultaneously pursuing via State administrative proceedings during the pendency of this action. Because plaintiff has still not served or made any attempt to serve a summons upon defendants and because plaintiff has failed to comply with numerous procedural requirements, this Court should grant defendants' motion and dismiss plaintiff's claims in their entirety.

**ARGUMENT**

**POINT ONE**

**PLAINTIFF HAS FAILED TO SHOW GOOD CAUSE FOR HER LACK OF PROPER SERVICE OF PROCESS**

In her response, plaintiff appears to make three arguments in support of her request that "the court find that the defendants were properly notified of this action and timely served so that this matter can proceed on its merits." (Pl.'s Resp. 2.) First, plaintiff suggests that because her attorney was advised by clerks at the Southern District courthouse cashier's window to file a

petition "to commence this type of action," plaintiff's failure to serve a summons was justified. (Pl.'s Resp. ¶¶ 7, 9.)  Plaintiff also appears to assert that defendants were properly served by delivery of the petition alone. (See id. at ¶ 11 & p.2.)  Second, plaintiff seems to argue that any defective service was cured by defendants' notice of the action. (See id. at ¶ 10 & p.2.) Third, plaintiff may be asserting that because defendants' counsel appeared before the Court, any jurisdictional defenses were waived.  (See id. at ¶ 12 & p.2.)  For the reasons set forth below, all of these arguments, to the extent plaintiff makes them, are without merit.

### A. Plaintiff Was Required to Serve a Summons and Has Not Established Good Cause for Her Failure to Do So

Plaintiff's apparent reliance on whatever statements were made by the clerks to her attorney is no justification for plaintiff's failure to serve a summons.  It is well-established that service of a summons on a defendant is a prerequisite to a court's exercise of personal jurisdiction over that defendant.  See, e.g., Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 350-51 (1999).  As an attorney, plaintiff's counsel is expected to know this and other "basic rules of procedure and to follow them."  McIntosh v. Covenant House, 05 Civ. 9973, 2008 U.S. Dist. LEXIS 4910, at *5 (S.D.N.Y. Jan. 22, 2008).  Plaintiff's counsel's lack of knowledge about and failure to consult the proper legal authorities for information on how to commence an action and properly serve process, and his subsequent reliance on the court's cashier's office for this information, simply cannot constitute good cause for plaintiff's failure to serve.  See, e.g., OSRecovery, Inc. v. One Group Int'l, 234 F.R.D. 59, 61 (S.D.N.Y. 2005); Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 658 (S.D.N.Y. 1997) (stating that an "attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause"), aff'd, 173 F.3d 844 (2d Cir. 1999).  Accordingly, plaintiff should not be given the "opportunity to cure any

defects" (Pl.'s Resp. 3), as she now, and for the first time, requests. See Fed. R. Civ. P. 4(m); Zapata v. City of New York, 502 F.3d 192, 198-99 (2d Cir. 2007).

In addition, the guidance plaintiff's counsel asserts that he received from the clerks—namely, that a petition "would be required to commence this type of action" (Pl.'s Resp. ¶ 7)—does not lead to the conclusion that plaintiff was not required to serve a summons. Commencement of an action and service of process are distinct: the former is accomplished by filing a pleading in court, and the latter is accomplished by serving a summons and copy of the pleading upon a defendant. Compare Fed. R. Civ. P. 3 (commencement of action) and N.Y. C.P.L.R. 304 (commencement of action or special proceeding), with Fed. R. Civ. P. 4 (service of process) and N.Y. C.P.L.R. 306-b (same); see also, e.g., Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104-05 (1987) (discussing service of process); Gerber v. MTC Elec. Techs. Co., 329 F.3d 297, 310 (2d Cir. 2003) (discussing commencement of an action). Thus, even if the clerk had advised plaintiff's counsel that filing a petition would commence the action, such advice is immaterial to the issue of service of process, which relates to how jurisdiction attaches over the defendant. See, e.g., Miss. Publ'g Corp. v. Murphree, 326 U.S. 438, 444-45 (1946) ("[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.").

It should also be noted that regardless of which document is filed to commence an action, both state and federal procedural rules require the service of a summons or other notice stating where and by when a defendant must appear to defend. See Fed. R. Civ. P. 4(a)-(c); N.Y. C.P.L.R. 306-b ("Service of the summons and complaint, summons with notice, third-party summons and complaint, or petition with a notice of petition or order to show cause shall be made within one hundred twenty days after the filing of the summons and complaint, summons

with notice, third-party summons and complaint, or petition . . . ."); see also N.Y. C.P.L.R. 401-403 (delineating rules governing special proceedings and providing that a notice of petition, specifying the time and place of the hearing on the petition, must be served along with the petition on the adverse party).

### B. Defendants' Notice of the Action Does Not Cure Plaintiff's Defective Service

As discussed in defendants' prior brief, it is well-established that actual notice of an action does not cure deficient service and will not sustain personal jurisdiction over a defendant. See, e.g., Omni Capital, 484 U.S. at 104; Nat'l Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 256 (2d Cir. 1991); Martin v. N.Y. State Dep't of Mental Hygiene, 588 F.2d 371, 372-73 (2d Cir. 1978); OSRecovery, 234 F.R.D. at 61; Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc., 8 F. Supp. 2d 372, 377 (S.D.N.Y. 1998). Plaintiff's suggestion to the contrary thus fails.

### C. Defendants' Counsel's Appearance Does Not Waive Any Jurisdictional Defenses

Insofar as plaintiff may be arguing that defendants' counsel's appearance confers jurisdiction over defendants, such argument also cannot be sustained. Any appearance has been for the purpose of contesting the Court's jurisdiction over defendants: defendants' counsel promptly notified the Court of plaintiff's failure to effect proper service (see Gantz Decl. ¶ 9, Feb. 7, 2008) and defendants subsequently filed this motion to dismiss on the same ground pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Under that rule, a motion asserting certain defenses—including insufficient service of process and failure to state a claim upon which relief can be granted, which are the defenses asserted in the present motion—"must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). The rule also states: "No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." Id.; see also, e.g., Barron v. Miami

Executive Towers Assocs. Ltd. P'ship, 142 F.R.D. 394, 398 (S.D.N.Y. 1992) (finding no waiver of the defense of lack of personal jurisdiction where defendants promptly brought the defense to the court's attention); Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 709 F. Supp. 1279, 1283-84 (S.D.N.Y. 1989) (same).  Accordingly, defendants have not waived their jurisdictional defense.

In sum, because plaintiff has failed to serve any summons on defendants and has not shown good cause for her failure to do so, this action and plaintiff's claims against defendants must be dismissed.  See Fed. R. Civ. P. 4(m); Zapata, 502 F.3d at 198-99.

## POINT TWO

## PLAINTIFF'S SUBMISSIONS ARE IMPROPER

In response to defendants' motion to dismiss, plaintiff has submitted a document that is effectively a declaration by plaintiff's counsel, attached to which is a copy of the petition that plaintiff's counsel had stamped by the Southern District Clerk's Office upon filing.[1]  (See Pl.'s Resp.)  Plaintiff submits no memorandum of law and cites no legal authority in the document. Plaintiff's response therefore not only provides no legal justification for plaintiff's failure to effect proper service of process, but also fails to comply with this Court's Local Rules requiring a party opposing a motion to include "a memorandum of law, setting forth the points and authorities relied upon . . . in opposition to the motion." S.D.N.Y. Local Civ. R. 7.1.  Indeed, "[w]illful failure to comply with this rule may be deemed sufficient cause for the denial of a motion or for the granting of a motion by default."  Id.[2]

---

[1] Plaintiff includes this copy to show that plaintiff's petition was stamped with the docket number and Your Honor's initials.  (See Pl.'s Resp. ¶ 5.)  However, plaintiff does not assert that a copy of this stamped copy was ever delivered to defendants, and does not appear to dispute that the copy of the petition that defendants received did not bear these markings.

[2] Plaintiff's submission also fails to comply with Rule 11(a) of the Federal Rules of Civil Procedure, which requires a signing attorney to include his address, e-mail address, and telephone number on papers submitted to the court.  Fed. R. Civ. P. 11(a).

In addition, through plaintiff's counsel's March 8, 2008 letter to the Court, submitted after plaintiff filed her response, plaintiff appears to ask this Court to address a new issue not raised in plaintiff's petition: "the issue of which school district bears the burden of providing a Free Appropriate Public Education for Amanda" during the 2005-2006 school year.  (Letter from Sanford S. Stevens, Esq. to Ct. (Mar. 8, 2008).)  Such a request is wholly improper.  The petition plaintiff filed in this Court requests review of a State Review Officer's decision annulling an Impartial Hearing Officer's grant of relief to plaintiff for the 2006-2007 school year. (See Pet. 3 & Ex. B at 8, Ex. C at 6.)  There is nothing in plaintiff's petition about this newly raised issue, one that plaintiff has apparently been litigating in another tribunal against another school district during the pendency of this action.  Because plaintiff did not raise this issue in her petition, her attempt to raise it in this manner is plainly inappropriate.  See, e.g., Pandozy v. Segan, 518 F. Supp. 2d 550, 554 n.1 (S.D.N.Y. 2007); Faggionato v. Lerner, 500 F. Supp. 2d 237, 249-50 (S.D.N.Y. 2007).

## CONCLUSION

Based on the foregoing, defendants respectfully request that their motion to dismiss be granted and that all claims asserted against them be dismissed in their entirety, and that defendants be awarded such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            March 14, 2008

                         MICHAEL A. CARDOZO
                         Corporation Counsel of the City of New York
                         Attorney for Defendants
                         100 Church Street, Room 2-301
                         New York, N.Y. 10007
                         (212) 788-0908
                         Fax: (212) 788-0940
                         tgantz@law.nyc.gov

                         By:_____s/_____
                             Toni Gantz (TG1198)
                             Assistant Corporation Counsel