```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
AMANDA PIERRE, by her parent, Louise    :
Pierre,                                 :
                                        :
                Plaintiff,              :    07 Civ. 6270 (DLC)
                                        :
        -v-                             :    MEMORANDUM OPINION
                                        :         & ORDER
DEPARTMENT OF EDUCATION and CITY OF NEW :
YORK,                                   :
                                        :
                Defendants.             X
-----------------------------------------
```

Appearances:

For Plaintiff:
Sanford S. Stevens
Sanford S. Stevens, P.C.
244 Madison Avenue (#303)
New York, New York 10016

For Defendants:
Toni Gantz
New York City Law Department
100 Church Street, Room 2-301
New York, New York 10007


DENISE COTE, District Judge:

   Plaintiff Amanda Pierre ("Amanda"), by her parent Louise Pierre ("Pierre"), brings this action to appeal a decision issued in state administrative proceedings initiated under the Individuals with Disabilities Act, 20 U.S.C. § 1400 et seq. ("IDEA"). Defendants New York City Department of Education

("DOE") and the City of New York[1] have moved to dismiss the petition for insufficient service of process and failure to state a claim against the City of New York under Rule 12(b)(5) and Rule 12(b)(6), respectively, of the Federal Rules of Civil Procedure.  For the following reasons, the motion is granted and the case is dismissed.

BACKGROUND

This action was commenced by petition on July 9, 2007.  As alleged in the petition, Amanda is a child with disabilities and is covered by the IDEA.  Dissatisfied with the special education services offered to Amanda by her school district, Pierre -- who was represented by counsel -- requested an impartial due process hearing before an Impartial Hearing Officer ("IHO"), pursuant to the IDEA and New York law.  See 20 U.S.C. § 1415(f)(1)(A); N.Y. Educ. Law § 4404(1)(a).  In a decision issued in March 2007, the IHO required the DOE to reimburse Pierre for Amanda's tuition costs at a private school for the 2006-2007 academic year.  The DOE appealed this decision to the State Review Officer ("SRO").  See 20 U.S.C. § 1415(g)(1)(A); N.Y. Educ. Law § 4404(2).  On June 13, 2007, the SRO sustained the appeal and annulled the

---

[1] Defendants point out that it is unclear from the petition in this case whether Pierre seeks to sue only the DOE, or both the DOE and the City of New York.  Defendants therefore assume arguendo for the purpose of this motion that Pierre has named both the DOE and the City of New York as defendants.

2

IHO's decision, finding that Pierre's due process complaint notice failed to meet the informational requirements of the IDEA and New York State law.  The SRO further found that the IHO erred in allowing Pierre to raise issues at the due process hearing that were not raised in the notice.

Plaintiff then sought to commence this action for relief from the SRO's final administrative decision.[2]  Counsel for the plaintiff filed a petition with the Court on July 9, 2007 and delivered one copy of the petition to the New York City Law Department -- which is authorized to accept service for the DOE and the City of New York -- that same day.  At an initial conference held with the parties on December 7, counsel for the defendants informed the Court that defendants were never served with a summons or a notice of petition and, therefore, intended to move for dismissal of the action for insufficient service of process.  The Court set forth a briefing schedule, and this motion to dismiss followed.

---

[2] The IDEA provides that parties aggrieved by a state agency's final decision may bring an action for relief in federal or state court.  See 20 U.S.C. § 1415(i).  New York law requires that such actions be brought within four months of the SRO's decision.  See 20 U.S.C. § 1415(i)(2)(B); N.Y. Educ. Law § 4404(3)(a).

DISCUSSION

"[I]nsufficiency of service of process" is an appropriate ground for dismissal of a complaint or a petition. Fed R. Civ. P. 12(b)(5). See also Martin v. N.Y. State Dep't of Mental Hygiene, 588 F.2d 371, 373 (2d Cir. 1978). "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." Burda Media, Inc. v. Viertel, 417 F.3d 292, 298-99 (2d Cir. 2005) (citation omitted). In this case, service was inadequate and the plaintiff has not shown that she should be granted an extension of time for service.

I. Summons Required

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." Id. Thus, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); see Fed. R. Civ. P. 4(a)-(c); N.Y.

C.P.L.R. § 306-b ("Service of the summons and complaint . . . or petition with a notice of petition . . . shall be made within one hundred twenty days after the filing of the summons and complaint . . . or petition . . . ."). Deficiencies in service, moreover, are not cured by the fact that a defendant has "actual notice" of the action. Nat'l Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 256 (2d Cir. 1991).

It is undisputed that the plaintiff has not served a summons or notice of petition on the defendants. Indeed, an examination of the docket sheet in this case reveals that no summons or notice of petition has been issued, and the plaintiff has not, to this date, filed with the Clerk of Court any proof of service on defendants. Because plaintiff filed the petition on July 9, 2007, the 120-day period for effecting service expired on November 6. See Fed. R. Civ. P. 4(m).

Further, the fact that the defendants had actual notice of this action through the petition does not cure the defective service.[3] Nor does the defendants' appearance at a scheduling conference with the Court operate as a waiver of proper service. To the contrary, it is undisputed that the defendants informed

---

[3] In response to this motion to dismiss, plaintiff writes, "We ask the court find that the defendants were properly notified of this action and timely served so that this matter can proceed on its merits." Plaintiff thus seems to argue that notice of the action can stand in for the requirement that a summons be served.

5

plaintiff on November 30 that they had not received a summons, and when plaintiff's counsel confirmed on December 3 that no summons had been served, the defendants made clear their intent to contest service.[4]  The plaintiff having failed properly to serve the defendants before her time for service expired, this action must now be dismissed for insufficient service of process unless an extension of time for service is warranted.

II. Grounds for Extension

In opposition to this motion to dismiss, the plaintiff asks that the motion be denied or, alternatively, "that the court offer the plaintiff[] the opportunity to cure any defects it may find."  The Federal Rules of Civil Procedure provide:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  "Good cause" is not defined, but attorney neglect or error does not meet this standard.  See McGregor v. United States, 933 F.2d 156, 160 (2d Cir. 1991) (construing Rule 4(j), Fed. R. Civ. P., before its amendment in 1993).  While "an

---

[4] As the defendants correctly note, if plaintiff intended to name both the DOE and the City of New York as defendants, two copies of the petition and summons -- one copy for each defendant -- should have been served.  See Fed. R. Civ. P. 4.

6

extension is always warranted upon a showing of 'good cause,'" the Second Circuit has made clear that "district courts have discretion to grant extensions even in the absence of good cause."  Zapata v. City of New York, 502 F.3d 192, 196-97 (2d Cir. 2007).  "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  Fed. R. Civ. P. 4(m) advisory committee notes to the 1993 Amendments.  Even so, district courts are not required to grant an extension in the absence of good cause.  Rather, to justify a discretionary extension, "the plaintiff must ordinarily advance some colorable excuse for neglect."  Zapata, 502 F.3d at 198.

An extension of time for service is not warranted in this case.  First, no good cause for an extension can be found here.  Plaintiff is not proceeding pro se; she is represented by an attorney admitted to practice before this Court.  As such, counsel is charged with knowledge of the basic procedural requirements governing federal actions.  His neglect or error in failing to serve summonses on the defendants does not constitute good cause.

Counsel's only explanation in opposition to this motion to dismiss is that he "personally appeared at the cashier's window at the United States District Court for the Southern District of

New York and inquired whether a Petition or a Summons would be required to commence this type of action. The clerks conferred and advised [him] to file a Petition." To the extent that the alleged response he received even speaks to the issue of proper service, counsel's reliance on cashier clerks for legal advice is not justified.

Second, a discretionary extension also is not warranted here. Although the statute of limitations would bar the refiling of this action,[5] plaintiff has not advanced even a colorable excuse for her neglect. That plaintiff's counsel was -- and may still be -- unaware that proper service must include a summons does not qualify as a "colorable excuse." In addition, plaintiff has not alleged that the defendants concealed the defects in service. Quite the opposite, the defendants informed plaintiff's counsel on November 30, 2007 that they believed service was defective. Yet plaintiff failed to exercise diligence in requesting an extension of the time for service and, indeed, asks for the first time in opposition to this motion to dismiss only that the Court offer her "the opportunity to cure any defects it may find."

Further, plaintiff -- represented by counsel -- has repeatedly failed to follow basic procedural rules. For

---

[5] Because the SRO's decision was issued on June 13, 2007, the four-month statute of limitations applicable to this case expired on October 13, 2007.

8

example, to date she has not filed proof of service. See Fed. R. Civ. P. 4(l)(1). In contravention of this Court's Local Rules, she has not submitted a legal memorandum of law, and she cites to no legal authorities in her "Response to Defendants' Motion to Dismiss." See S.D.N.Y. Local Civ. R. 7.1. Instead, in a three page "Response" to the motion to dismiss, plaintiff's counsel merely recites the steps he took to commence this action.[6]

CONCLUSION

The defendants' February 7, 2008 motion to dismiss the petition is granted. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         June 10, 2008

DENISE COTE
United States District Judge

---

[6] In light of the foregoing conclusion and the fact that plaintiff's action is now time-barred, it is not necessary to reach the arguments asserted by the City of New York under Rule 12(b)(6).

9